1  CHRISTIAN J. MARTINEZ (CA State Bar No. 215360)
   2500 Dean Lesher Drive, Suite A
2  Concord, CA 94520
   Telephone: (925) 689-1200
3  Facsimile: (925) 689-1263
   cmartinez@copypro.com
4
   RICHARD ESTY PETERSON (State Bar No. 41013)
5  1905-D Palmetto Avenue
   Pacifica, CA 94044
6  Telephone: (650) 557-5708
   Facsimile: (650) 557-5716
7  sfreptile@mac.com

8  Attorneys for Plaintiff,
   WORDTECH SYSTEMS, INC.
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

13  **C09   04612 HRL**

    WORDTECH SYSTEMS INC.,
14                                      Case No.:

15        Plaintiff,
                                        **COMPLAINT FOR PATENT
16  v.                                  INFRINGEMENT AND
                                        DEMAND FOR JURY TRIAL**
    MICROBOARDS MANUFACTURING, L.L.C.,
17  MICROBOARDS TECHNOLOGY, L.L.C.,
    OCTAVE SYSTEMS, INC., and DOES 1-50;
18
          Defendants.
19

20

21        Plaintiff, WORDTECH SYSTEMS Inc. ("WORDTECH"), a California corporation, in and

22  through its attorneys, alleges:

23                      **THE PARTIES**

24  1.  Plaintiff, WORDTECH is a corporation organized under the laws to the State of California with its

25      principal place of business located at Concord, California.

26  2.  On information and belief, defendant MICROBOARDS MANUFACTURING, L.L.C. is a Limited

27      Liability Company doing business in the State of California with its principal place of business in

28      Salida, CA.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL (Case No.        ) - 1

3.  On information and belief, defendant MICROBOARDS TECHNOLOGY, L.L.C. is a Limited Liability Company doing business in the State of Minnesota with its principal place of business in Chanhassen, MN.  MICROBOARDS MANUFACTURING, L.L.C. and MICROBOARDS TECHNOLOGY L.L.C. will be collectively referred to as "MICROBOARDS".

4.  On information and belief, Octave Systems, Inc. ("OCTAVE"), is a California Corporation doing business in the State of California with its principal place of business in Campbell, CA.

5.  WORDTECH is ignorant of the true names or capacities of the defendants sued herein under the fictitious names of DOES 1 -50 inclusive.  WORDTECH will amend this Complaint to allege their true names and capacities when ascertained.  WORDTECH is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that WORDTECH's injuries as alleged herein were proximately caused by the wrongful conduct of these fictitiously named defendants.

6.  WORDTECH is informed and believes and thereon alleges that at all times herein, OCTAVE and MICROBOARDS (Collectively, "DEFENDANTS") were the agents, servants, and /or employees of their codefendants and in doing the things alleged herein were acting within the course and scope of their authority with the permission and consent of their codefendants.

**JURISDICTION AND VENUE**

7.  This action arises under the patent laws of the United States, 35 U.S. C. §§ 271, 281, and 283-285.

8.  Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

9.  Venue is proper in this Court under 28 U.S. C. §§ 1391(b) and 1391(c) and/or 1400(b).

**INTRADISTRICT ASSIGNMENT**

10. This is an Intellectual Property Action under this Court's Assignment Plan, and therefore assignment to any Division of the Court is proper per local rules.

**BACKGROUND**

11. On October 31, 2000, the U.S. Patent Office issued U.S. Patent No. 6,141,298, entitled Programmable Self-Operating Compact Disk Duplication System, listing David Miller as the inventor ("Patent '298").  A true and correct copy of Patent '298 is attached hereto as **Exhibit 1**.

12. On March 11, 2003, the U.S. Patent Office issued a patent, U.S. Patent No. 6,532,198 entitled Programmable Self-Operating Compact Disk Duplication System, listing David Miller as the inventor ("Patent '198). A true and correct copy of Patent '198 is attached hereto as **Exhibit 2**.

13. On or about November 23, 2004, the U.S. Patent Office issued a patent, U.S. Patent No. 6,822,932 entitled Programmable Self-Operating Compact Disk Duplication System, listing David Miller as the inventor ("Patent '932). A true and correct copy of Patent '932 is attached hereto as **Exhibit 3**.

14. On or about November 23, 2004, the U.S. Patent Office issued a patent, U.S. Patent No. 7,145,841 entitled Programmable Self-Operating Compact Disk Duplication System, listing David Miller as the inventor ("Patent '841). A true and correct copy of Patent '841 is attached hereto as **Exhibit 4**.

15. WORDTECH is sole and exclusive owner by assignment by the inventor, David Miller, of all rights, title, and interest in Patents '298, '198, '932, and '841, and has the right to bring this suit for damages and injunctive relief.  True and correct copies of the assignments are attached hereto as **Exhibit 5**.

16. Patents '298, '198, '932, and '841 relate to a Programmable Self-Operating Compact Disk Duplication System, including, *inter alia*, five basic elements: (1) At least one disk copying drive; (2) disk stackers; (3) A rotary transport tower with a vertical axis; (4) vertically positionable disk picker that is rotatable about the vertical axis; and (5) Some ability to control the actions above, or any device that is covered by one or more claims of one or more of the Patents.

17. WORDTECH has complied with the marking requirements as set forth in Title 35 U.S.C. §287.

## COUNT I

### (Infringement of U.S. Patent 6,141,298)

18. Plaintiff hereby incorporates paragraphs 1-17 above, inclusive, by this reference.

19. On information and belief, DEFENDANTS, without a license from WORDTECH, are in the business of, *inter alia*, making, using, selling, importing and/or offering to sell programmable self-operating compact disc duplication systems ("DEVICES") that have each of the elements of and infringe one or more claims of the '298 patent, literally or under the doctrine of equivalents.

20. On information and belief, by making, using, selling, importing and or offering to sell DEVICES, DEFENDANTS have directly and contributorily infringed and have actively induced others to

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL (Case No.          ) - 3

1    infringe and will continue to directly and contributorily infringe and actively induce others to

2    infringe one or more of the claims of Patent '298 under 35 U.S.C. § 271 (a), (b), (c) and/or (f)

3    literally or under the doctrine of equivalents.

4    21. DEFENDANTS have been informed that a license was needed under Patent '298.

5    22. On information and belief, DEFENDANTS' infringement of Patent '298 has been and continues to

6    be willful, deliberate and objectively reckless entitling WORDTECH to increased damages under

7    35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C.

8    § 285.

9    23. As a direct and proximate consequence of the acts and practices of DEFENDANTS, plaintiff

10   WORDTECH has been, is being, and continues to be damaged; unless such acts and practices of

11   defendant are enjoined by the Court, plaintiff will continue to be injured in its business and

12   property rights and has suffered and is suffering and will continue to suffer injury and damages for

13   which it is entitled to relief under 35 U.S. C. § 284.

## COUNT II

### (Infringement of U.S. Patent 6,532,198)

16   24. Plaintiff hereby incorporates paragraphs 1-23 above, inclusive, by this reference.

17   25.  On information and belief, DEFENDANTS, without a license from WORDTECH, are in the

18   business of, *inter alia*, making, using, selling, importing and/or offering to sell DEVICES that have

19   each of the elements of and infringe one or more claims of the '198 patent, literally or under the

20   doctrine of equivalents.

21   26. On information and belief, by making, using, selling, importing and or offering to sell DEVICES,

22   DEFENDANTS have directly and contributorily infringed and have actively induced others to

23   infringe and will continue to directly and contributorily infringe and actively induce others to

24   infringe one or more of the claims of Patent '198 under 35 U.S.C. § 271 (a), (b), (c) and/or (f)

25   literally or under the doctrine of equivalents.

26   27. DEFENDANTS have been informed that a license was needed under Patent '198.

27   28. On information and belief, DEFENDANTS' infringement of Patent '198 has been and continues to

28   be willful, deliberate and objectively reckless entitling WORDTECH to increased damages under

1  35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C.

2  § 285.

3  29. As a direct and proximate consequence of the acts and practices of DEFENDANTS, plaintiff

4  WORDTECH has been, is being, and continues to be damaged; unless such acts and practices of

5  defendant are enjoined by the Court, plaintiff will continue to be injured in its business and

6  property rights and has suffered and is suffering and will continue to suffer injury and damages for

7  which it is entitled to relief under 35 U. S. C. § 284.

8  **COUNT III**

9  **(Infringement of U.S. Patent No. 6,822,932)**

10  30. Plaintiff hereby incorporates paragraphs 1-29 above, inclusive, by this reference.

11  31.  On information and belief, DEFENDANTS, without a license from WORDTECH, are in the

12  business of, *inter alia*, making, using, selling, importing and/or offering to sell DEVICES that have

13  each of the elements of and infringe one or more claims of the '932 patent, literally or under the

14  doctrine of equivalents.

15  32. On information and belief, by making, using, selling, importing and or offering to sell DEVICES,

16  DEFENDANTS have directly and contributorily infringed and have actively induced others to

17  infringe and will continue to directly and contributorily infringe and actively induce others to

18  infringe one or more of the claims of Patent '932 under 35 U.S.C. § 271 (a), (b), (c) and/or (f)

19  literally or under the doctrine of equivalents.

20  33. DEFENDANTS have been informed that a license was needed under Patent '932.

21  34. On information and belief, DEFENDANTS' infringement of Patent '932 has been and continues to

22  be willful, deliberate and objectively reckless entitling WORDTECH to increased damages under

23  35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C.

24  § 285.

25  35. As a direct and proximate consequence of the acts and practices of DEFENDANTS, plaintiff

26  WORDTECH has been, is being, and continues to be damaged; unless such acts and practices of

27  defendant are enjoined by the Court, plaintiff will continue to be injured in its business and

28  property rights and has suffered and is suffering and will continue to suffer injury and damages for

1    which it is entitled to relief under 35 U.S. C. § 284.

2                                    **COUNT IV**

3                          **(Infringement of Patent 7,145,841)**

4    36. Plaintiff hereby incorporates paragraphs 1-35 above, inclusive, by this reference.

5    37.  On information and belief, DEFENDANTS, without a license from WORDTECH, are in the

6    business of, *inter alia*, making, using, selling, importing and/or offering to sell DEVICES that have

7    each of the elements of and infringe one or more claims of the '841 patent, literally or under the

8    doctrine of equivalents.

9    38. On information and belief, by making, using, selling, importing and or offering to sell DEVICES,

10   DEFENDANTS have directly and contributorily infringed and have actively induced others to

11   infringe and will continue to directly and contributorily infringe and actively induce others to

12   infringe one or more of the claims of Patent '841 under 35 U.S.C. § 271 (a), (b), (c) and/or (f)

13   literally or under the doctrine of equivalents.

14   39. DEFENDANTS have been informed that a license was needed under Patent '841.

15   40. On information and belief, DEFENDANTS' infringement of Patent '841 has been and continues to

16   be willful, deliberate and objectively reckless entitling WORDTECH to increased damages under

17   35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C.

18   § 285.

19   41. As a direct and proximate consequence of the acts and practices of DEFENDANTS, plaintiff

20   WORDTECH has been, is being, and continues to be damaged; unless such acts and practices of

21   defendant are enjoined by the Court, plaintiff will continue to be injured in its business and

22   property rights and has suffered and is suffering and will continue to suffer injury and damages for

23   which it is entitled to relief under 35 U.S.C. § 284.

24                             **PRAYER FOR RELIEF**

25   WHEREFORE, plaintiff prays for the entry of a judgment from this Court:

26   a.  Declaring that United States Patent No. 6,141,298 was duly and legally issued, and is valid and

27       enforceable;

28   b.  Declaring that United States Patent No. 6,532,198 was duly and legally issued, and is valid and

1    enforceable;

2    c.  Declaring that United States Patent No. 6,822,932 was duly and legally issued, and is valid and

3        enforceable;

4    d.  Declaring that United States Patent No. 7,145,841 was duly and legally issued, and is valid and

5        enforceable;

6    e.  Declaring that DEFENDANTS collectively and individually have directly infringed, contributorily

7        infringed, and/or induced infringement of one or more claims of Patents '298, '198, '932, and '841;

8    f.  Declaring that DEFENDANTS have collectively and individually acted with objective recklessness

9        and willfully infringed one or more claims of Patents '298, '198, 932, and 841, entitling Plaintiff to

10       enhanced damages;

11   g.  Deeming this to be an exceptional case within the meaning of 35 U.S.C. § 285, entitling Plaintiff

12       WORDTECH, to an award of its reasonable attorneys' fees expense and costs in this action from

13       DEFENDANTS; and

14   h.  Preliminarily and permanently enjoining DEFENDANTS, and its respective officers, agents,

15       servants employees, and attorneys and those persons in active concert or participation with them

16       who receive notice of the order by personal service or otherwise, from committing further acts of

17       infringement under 35 U.S.C. § 271 of one or more claims of Patents '298, '198, '932, and '841

18       pursuant to 35 U.S C § 283;

19   i.  Awarding Plaintiff damages in accordance with 35 U.S. C. § 284;

20   j.  Awarding Plaintiff its costs in connection with this action;

21   k.  Awarding Plaintiff such other and further relief as this Court may deem to be just and proper.

22                                **JURY DEMAND**

23   Plaintiff requests a trial by jury of all issues so triable.

24

25   DATE:  September 28, 2009                    RESPECTFULLY SUBMITTED,

26

27                                               Christian J. Martinez
                                                 Attorney for Plaintiff,
                                                 Wordtech Systems, Inc.
28

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL (Case No.        ) - 7